**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1198**

SHANQUAN LIN,

    Petitioner,

   v.

MICHAEL B. MUKASEY, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 17, 2008   Decided: January 14, 2009

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Michael Wenyue Lu, LAW OFFICES OF MICHAEL W. LU, LLC, Rockville, Maryland, for Petitioner.  Gregory G. Katsas, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Paul T. Cygnarowicz, Trial Attorney, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shanquan Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying asylum, withholding from removal and withholding under the Convention Against Torture and denying his motion to reopen. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2008), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2008). Without regard to past persecution, an alien can

2

establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both a subjective and an objective component. "The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution." Id. at 187-88. "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It must have] some basis in the reality of the circumstances and [be] validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

3

We find substantial evidence supports the immigration judge's and the Board's findings. Clearly, Lin failed to meet his burden of establishing the objective element of his claim for relief. We do not find that the record compels a different result.

We further find the Board did not abuse its discretion in denying the motion to remand. See Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005) (stating standard of review).

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] We note we are without jurisdiction to review many of the issues Lin raises in his brief because the issues were not properly exhausted. See 8 U.S.C. § 1252(d)(1) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 359 n.2 (4th Cir. 2006) ("[T]he alien must raise each argument to the [Board] before we have jurisdiction to consider it.").

4